## GINA RYAN ET AL. *v.* MILL RIVER COUNTRY CLUB, INC.
## (4009)

DUPONT, C. J., HULL and DALY, Js.

Argued May 1—decision released June 24, 1986

*Linda D. D'Albis,* with whom, on the brief, was *Paul E. Pollock,* for the appellant (defendant).

1

*Robert B. Yules,* with whom was *Michael L. Riccio,* for the appellees (plaintiffs).

DUPONT, C. J. The defendant appeals from a judgment rendered by the trial court following a jury verdict for the plaintiffs. On appeal, the defendant claims that the trial court erred (1) in denying the defendant's motion for judgment notwithstanding the verdict on the ground that there was insufficient evidence to sustain it as to the negligence count of the plaintiffs' complaint and (2) in denying the defendant's motion to set aside the verdict, also on the ground of insufficient evidence.

The jury could have reasonably found the following facts based upon the evidence submitted. On April 26, 1981, the plaintiff[1] and Lois Hanson were playing golf at the defendant's golf course. Both the plaintiff and her husband, Thomas Ryan, who was a coplaintiff in this case, had been members of the club and had played golf there for several years. While driving a three-wheeled golf cart on a paved cart path from the seventh tee to the seventh green, the plaintiff turned the golf cart downhill along the cart path. While traveling down the path, the golf cart turned sharply to the left, throwing Hanson, the passenger, out of the cart. The cart continued until it turned over. Both the plaintiff and her passenger sustained injuries.

As a result of the accident, the plaintiff brought suit against the defendant. In addition, Lois Hanson, the plaintiff's passenger, instituted an action naming the plaintiff as a defendant for her alleged negligence in operating the golf cart. The two cases were consolidated for trial. Written interrogatories were submit-

---

[1] "Plaintiff" in this decision refers to Gina Ryan.

ted to the jury in both cases. In the plaintiff's case, the jury returned a verdict for the plaintiff, finding that the cart path had been maintained in a defective manner and that the defect was the proximate cause of her injuries. The jury also found contributory negligence of 30 percent on the part of the plaintiff. As a result, judgment was rendered for the plaintiffs in the amount of $262,616.90.

In the case brought against the plaintiff by her passenger, the jury returned a verdict against the plaintiff, finding that she had been negligent in her operation of the golf cart and that this negligence was the proximate cause of her passenger's injuries. Accordingly, Hanson was awarded $235,000 in damages. The jury also found that although the defendant country club had been negligent in maintaining a defective golf course, this negligence was not the proximate cause of Hanson's injuries.

At the conclusion of the plaintiff's case, the defendant submitted a motion for a directed verdict on the negligence count of her complaint. The trial court reserved decision on the motion. After the jury returned a verdict for the plaintiff, the motion was denied. The defendant also filed a motion to set aside the verdict and a motion for judgment notwithstanding the verdict, both of which were denied by the trial court. The defendant subsequently filed this appeal.

The defendant's claims of error involve the sufficiency of the evidence presented by the plaintiff in this case. The defendant argues that there was insufficient evidence to support a finding that it was negligent and that its negligence was the proximate cause of the plaintiff's injuries. In reviewing the motion for judgment notwithstanding the verdict and the motion to set aside the verdict, the same principles are to be applied to the trial court's action on each motion. *Sauro* v. *Arena Co.*,

171 Conn. 168, 169, 368 A.2d 58 (1976); *Greene* v. *DiFazio,* 148 Conn. 419, 420, 171 A.2d 411 (1961). "If the court correctly refused to set aside the verdict, it then necessarily follows that it also properly denied the defendant's motion for judgment notwithstanding the verdict." *Cruz* v. *Drezek,* 175 Conn. 230, 232, 397 A.2d 1335 (1978).

In examining the decision of the trial court on the defendant's motions, the evidence is to be considered in the light most favorable to the plaintiff. See *Bielaska* v. *Waterford,* 196 Conn. 151, 155, 491 A.2d 1071 (1985); *Cruz* v. *Drezek,* supra, 232; *Reilly* v. *DiBianco,* 6 Conn. App. 556, 573, 507 A.2d 106 (1986). The trial court's refusal to set aside a verdict is entitled to great weight and its decision will not be disturbed on appeal unless the court clearly abused its discretion. See *Herb* v. *Kerr,* 190 Conn. 136, 139, 459 A.2d 521 (1983); *Zarrelli* v. *Barnum Festival Society, Inc.,* 6 Conn. App. 322, 327, 505 A.2d 25 (1986); *Vazzano* v. *Slater,* 6 Conn. App. 1, 4, 502 A.2d 440 (1986); *Souper Spud, Inc.* v. *Aetna Casualty & Surety Co.,* 5 Conn. App. 579, 584, 501 A.2d 1214 (1985), cert. denied, 198 Conn. 803, 503 A.2d 172 (1986). "The test employed in analyzing a sufficiency of the evidence claim is whether or not, on the basis of the evidence introduced, a reasonable jury, properly motivated, could bring in a verdict against the defendants. *Pelletier* v. *Bilbiles,* 154 Conn. 544, 548–49, 227 A.2d 251 (1967)." *Bielaska* v. *Waterford,* supra, 156.

Here, the plaintiff presented extensive evidence, in the form of testimony and exhibits, upon which the jury could have reasonably based its verdict. Evidence was introduced regarding the uneven nature of the golf cart path and the absence of any guardrails to keep the carts on the path or any warning signs to advise cart users to proceed with caution in the area of the accident. Furthermore, the plaintiff offered expert testimony regarding the slope of the hill where the accident occurred

and the uneven nature of the cart path which, in the opinion of the plaintiff's expert witness, would have been one of the proximate causes of the accident. Finally, evidence was introduced that the defendant was aware of the defective condition, that the defendant knew, through one of its employees, of two prior accidents in the same area and that the defendant failed to take any action to remedy the defect. Under these circumstances, there was ample evidence upon which the jury could have based its verdict for the plaintiff. Thus, the defendant's claims that the trial court erred in denying its motions for judgment notwithstanding the verdict and to set aside the verdict are without merit.[2]

As part of its claim that the trial court erred in denying its motion to set aside the verdict, the defendant claims that the verdict in this case is not consistent with the verdict in the companion case brought by Hanson, the plaintiff's passenger, and, therefore, that a new trial should be ordered in this case on the negligence issue.

The defendant's claim is without merit for several reasons. First, the verdicts are not inconsistent. In response to specific interrogatories, the jury indicated that in both cases the defendant "was negligent in the design, maintenance or construction" of the golf course. The jury found that this negligence was the proximate cause of the plaintiff's injuries, but not of

---

[2] As part of its insufficiency claims, the defendant argues that the plaintiff has also failed to prove that the defendant had notice of any specific defect on its premises and that the defendant's failure to warn the plaintiff about a condition of which she was already aware is without legal significance. Neither of these claims was raised at trial or in the defendant's preliminary statement of issues. This court is not required to consider claims unless they were distinctly raised at trial or arose subsequently to trial. See Practice Book § 3063; *Trubowitz* v. *Trubowitz*, 5 Conn. App. 681, 685, 502 A.2d 940 (1985). Accordingly, we decline to review the defendant's claims.

her passenger's injuries. It also found that the plaintiff was 30 percent contributorily negligent. This was consistent with the finding in the companion case that the plaintiff's negligence was the proximate cause of her passenger's injuries. The jury could have concluded that, although the defendant was negligent in its design, maintenance or construction of the golf course, this negligence was not the proximate cause of Hanson's injuries. Second, even if we were to agree with the defendant that the verdicts were inconsistent, there was no showing by the defendant that consistent verdicts were required in the two cases. "[T]he rule has been laid down that a verdict does not necessarily have to be set aside on appeal because of its inconsistency with another verdict." 76 Am. Jur. 2d 122-23, Trial § 1154. Although inconsistent verdicts in the same case may be grounds for a new trial; see *Magnan* v. *Anaconda Industries, Inc.,* 193 Conn. 558, 577-78, 479 A.2d 781 (1984); *Marko* v. *Stop & Shop, Inc.,* 169 Conn. 550, 556-57, 364 A.2d 217 (1975); there is no requirement for consistent verdicts in two separate cases which were consolidated for trial. See 89 C.J.S. 164-65, Trial § 500. Although there was only one jury, it rendered two separate verdicts in two distinct cases. Thus, the defendant's claim is unpersuasive.

There is no error.

In this opinion the other judges concurred.