SHORE AND COUNTRY REAL ESTATE *v.*
JEANETTE PAPPAGALLO, ADMINISTRATRIX
(ESTATE OF VINCENT PAPPAGALLO) ET AL.
(4559)

HULL, BORDEN and DALY, Js.

Argued November 14—decision released December 23, 1986

*David J. Peska,* for the appellants (defendants).
*John S. Bennet,* for the appellee (plaintiff).

PER CURIAM. The plaintiff, Shore and Country Real Estate, sued the defendants, John Pappagallo, who did business as Pappagallo Real Estate, and Jeanette Pappagallo, administratrix of the estate of Vincent Pappagallo, seeking to recover a broker's commission for the sale of commercial real estate. After a trial to the court, judgment was rendered for the plaintiff in the amount of $9000. The defendants have appealed from that judgment, claiming that the court erred (1) in rendering judgment for the plaintiff when there was no listing agreement in effect between the parties, and (2) in giving more credibility to the testimony of the plaintiff's witnesses than to the defendants' witnesses.

The trial court found the following facts. The property in question, a package store with an apartment over the store, was owned by the estate of Vincent Pappagallo. The named defendant, Jeanette Pappagallo (hereinafter Pappagallo), the mother of the deceased, listed the property with Pappagallo Realty.

Pappagallo and Peter Mletschnig, of the plaintiff Shore and Country Real Estate, are both experienced real estate brokers. Following the death of Vincent Pappagallo, with whom Mletschnig had had other dealings, Pappagallo called Mletschnig and told him that the property was for sale. She stated that the commission would be 5 percent to Shore and Country Real Estate or "10 percent split." A salesperson in the plaintiff's

office found a purchaser for the property, contracts were signed and the property was sold for approximately $181,000.

At one point before the conveyance took place, there was a delay in getting sufficient financing for the purchase. Pappagallo asked the plaintiff to take a 2.5 percent commission, since the estate was going to take a second mortgage in order to insure that the sale would occur. Pappagallo asked the plaintiff to put in writing that he would take $4500, or 2.5 percent, although her version of the original oral agreement was that the plaintiff was only entitled to $4500 from the outset. No second mortgage on the property was necessary, however, and the sale took place as agreed. No commission was ever paid to Shore and Country Real Estate.

I

The defendants' first claim is that the court erred in awarding $9000 to the plaintiff in the absence of a listing agreement. The defendants did not raise this claim in the trial court, however. The only references in the transcript to the listing agreement center around discussion as to whether the plaintiff asked to see the listing agreement. "This court is not required to consider claims unless they were distinctly raised at trial or arose subsequently to trial. See Practice Book § 3063 [now § 4185]; *Trubowitz* v. *Trubowitz*, 5 Conn. App. 681, 685, 502 A.2d 940 (1985)." *Ryan* v. *Mill River Country Club, Inc.*, 8 Conn. App. 1, 5 n.2, 510 A.2d 462 (1986). Accordingly, we decline to review this claim.

II

The defendants' second claim of error is that the court did not give enough credibility to the testimony of the defendants' witnesses.

Our courts "have repeatedly held that 'nothing in our law is more elementary than that the trier is the final judge of the credibility of witnesses and of the weight to be accorded their testimony.' . . . 'The trier is privileged to adopt whatever testimony it reasonably believes to be credible.' . . . We will not reverse the decision of the trial court unless it is clearly erroneous in light of the evidence and the pleadings in the record as a whole." (Citations omitted.) *Damora* v. *Christ-Janer,* 184 Conn. 109, 112–13, 441 A.2d 61 (1981). We have reviewed the record and conclude that the judgment is not clearly erroneous.

There is no error.