[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE COMPLAINT
This is a subrogation action brought by the plaintiff, Connecticut Attorneys Title Insurance Company (CATIC) against the defendant, Joseph G. Fortner (Fortner) for breach of his covenant against encumbrances, CATIC having paid damages to its policyholders.
CATIC's insureds were Robert and Mary Ann Del Russo. Robert Del Russo held title to the property in question by virtue of a warranty deed from Fortner which contained the breached covenant against encumbrances. Robert quitclaimed the property to himself and his wife, Mary Ann. Pursuant to a title insurance policy in favor of Robert and Mary Ann, CT Page 10478 the plaintiff paid them damages.
It is the defendant's claim that any right of action which Robert Del Russo had against him was extinguished by virtue of Robert Del Russo's quitclaiming the property to himself and his wife.
This claim is based on Connecticut law which both parties to this action agree is that Fortner's covenant was a personal one made by him only to his grantee (Robert Del Russo) under the warranty deed. "It does not run with the land. It is broken the instant it is made, thus resting in the covenantee a chose in action, which is not assignable, and therefore does not pass to his grantee or devisee. The grantee can maintain no action upon it, and cannot assert it by way of estoppel, since he acquired no interest in it." Thompson on Real Property, 3185 at P. 303 (1962 Replacement) Butler v. Barnes, 60 Conn. 170, 192 (1891), Mitchell v. Warner,5 Conn. 498 (1825).
The question before this court, therefore, is whether the mechanical process of creating a joint tenancy by executing a quitclaim deed by Robert Del Russo (to himself and his wife) deprived Robert Del Russo of any rights he may have had against his grantor, the defendant Fortner.
Inasmuch as the motion to strike admits all facts well-pleaded, if they allege a cause of action the motion must be denied. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985), Alarm Applications Co. v. Simsbury Volunteer Fire Co.,179 Conn. 541, 545 (1980).
This question was decided by our Supreme Court in Davis v. Lyman, 6 Conn. 249 (1826). In that case, the court held that a plaintiff who had, prior to the suit, conveyed the property to a third party did not extinguish his cause of action against the defendant covenantor. Id., 254-257.
Inasmuch as the plaintiff is the subrogee of Robert Del Russo's rights against the defendant by virtue of Robert's assignment of those rights to the plaintiff, the plaintiff may maintain this action against the defendant. Tomczuk v. American Mutual Ins. Co., 9 Conn. App. 194, 196
(1986).
The motion to strike the complaint is denied.
FREED, J. CT Page 10479