[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#111)
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS. Inc., 196 Conn. 108, 491 A.2d 368
(1985). "The motion to strike. . .admits all facts well pleaded." Ferryman v. Groton, 138, 142, 561 A.2d 432 (1989). A motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis supplied) Mingachos v. CBS, Inc., supra. "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Id., 108-09.
UPS argues that federal law preempts state law in the area of common carrier liability. UPS further argues that because this case involves an interstate ground shipment, under the Carmack Amendment, 49 U.S.C.A. 11707 (1991), "only the person entitled to CT Page 5143 recover under the shipping receipt issued by UPS may bring an action for failure to deliver goods shipped via UPS." (Defendant's memorandum at 1-2) UPS concludes that because plaintiff's complaint fails to allege that its insured was entitled to recover under the shipping receipt, the complaint is legally insufficient, and UPS's motion to strike count two should be granted. In response to UPS's motion to strike, plaintiff argues that its complaint states a sufficient allegation of negligence on the part of UPS, and that this complaint is raised by a proper plaintiff, the subrogee of the named recipient of the scientific equipment.
In New England Fruit Produce Co. v. Hines, 97 Conn. 225, 227116 A. 243 (1922), the court stated that:
 [s]ince the amendment of June 29th, 1906, to the Interstate Commerce Act, known as the Carmack Amendment, the rights and liabilities of the parties in actions relating to interstate shipments, in either the State or Federal courts, depend upon Acts of Congress, the bill of lading, and the common-law rules as accepted and applied in Federal tribunals. Cincinnati, New Orleans Tex. Rac. Ry. Co. v. Rankin, 241 U.S. 319, 36 Sup. Ct. 555. (Footnote omitted.)
The Carmack Amendment provides that "[a] common carrier. . .shall issue a receipt or bill of lading for property it receives for transportation. . . . That carrier. . . [is] liable to the person entitled to recover under the receipt or bill of lading." 49 U.S.C. § 511707 (a)(1) (1991).
 "The insurer's right of subrogation against third persons causing the loss paid by the insurer to the insured does not rest upon any relation of contract or privity between the insurer and such third persons, but arises out of the contract of insurance and is derived from the insured alone. Consequently, the insurer can take nothing by subrogation but the rights of the insured, and is subrogated to only such rights as the insured possesses. The principal has been frequently expressed in the form that the rights of the insurer against the wrongdoer cannot rise higher than the rights of the insured against such wrongdoer, since the insurer as subrogee, in contemplation of law, stands in the place of the insured and succeeds to whatever rights he may have in the matter. Therefore, any defense which a wrongdoer has against the insured is good against the insurer subrogated to the rights of the insured." 44 Am.Jur.2d 785-86, Insurance 1795.
Orselet v. DeMatteo, 206 Conn. 542, 546-47, 539 A.2d 95 (1988). "Subrogation is. . .a remedy which equity gives to aid in the enforcement of a right either legal or equitable. . . .' (Citation CT Page 5144 omitted) Under the doctrine of equitable subrogation, `[a] subrogee has no rights against a third person beyond what the subrogor had.'" (Citation omitted.) Tomczuk v. American Mutual Ins. Co., 9 Conn. App. 194, 196-97, 517 A.2d 1053 (1986). The plaintiff, in order to prevail against UPS's motion to strike, must have alleged facts which, if true, would support a claim that Buck Scientific, Inc., the subrogor/insured, has rights against UPS. A review of count two of the revised complaint reveals that plaintiff fails to allege that plaintiff's insured is entitled to recovery. Plaintiff's complaint fails to allege that its insured was entitled to recovery under any shipping receipt or bill of lading. Plaintiff merely alleges a conclusory statement that UPS was negligent without any supporting facts. Plaintiff's legal conclusion that UPS was negligent is insufficient to support a claim that plaintiff's insured has rights against UPS. Since plaintiff has failed to allege that the insured has rights against UPS, the second count of the revised complaint is legally insufficient to state a claim for subrogation. Accordingly, UPS's motion to strike count two is granted.
SYLVESTER, JUDGE