[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case is an appeal from the Probate Court for the District of Killingworth, concerning the settlement of the estate of Anna B. Frank, decedent. The plaintiff, Robert W. Frank, Jr., son of the decedent, is a beneficiary under the last will and testament of the decedent. The will was admitted to probate on November 4, 1991. The defendant, Carolann F. Anino, daughter of the decedent, is named in the instrument as executrix and beneficiary under the decedent's estate.
On February 14, 1992, the defendant, in her fiduciary capacity as executrix of the decedent's estate, made an application for an order approving and directing payments of $133,905.90 in claims against the estate made payable to her as costs of administration of the decedent's estate. The total value of the estate has been estimated at $165,500.00 with the residuary and remainder to be divided equally between the plaintiff and defendant.
On February 19, 1992, the probate court issued an ex-parte order and decree approving the payment of those claims to the defendant. On April 13, 1992, the plaintiff filed with the probate court a motion for reconsideration of CT Page 11805 allowance of claims. In the alternative plaintiff filed a motion for articulation by the probate court for dispensing with public notice and hearing and allowing the fiduciary's claims through issuance of an ex-parte order. The probate court scheduled a date to hear the motions for reconsideration and articulation, however, by letter dated May 20, 1992, the court advised plaintiff's counsel that the matter should be appealed to the superior court. Accordingly, the probate court did not act on these motions.
On June 10, 1992, the plaintiff filed a motion for appeal from probate, which was granted by the probate court. The return date for the appeal from probate to the superior court was set for July 28, 1992. The defendant filed an appearance on July 27, 1992. On September 4, 1992, the plaintiff filed the present motion to disqualify defendant's counsel on the ground that the representation of defendant in her fiduciary and individual capacities creates a conflict of interest. On September 21, 1992, the matter was heard by this court on short calendar. At short calendar, the defendant filed a motion and memorandum of law on opposition to the plaintiff's motion to disqualify. In addition, defendant filed a motion to dismiss the appeal for lack of subject matter jurisdiction. The defendant argues that the plaintiff's failure to file its reasons of appeal within ten days after the return date, pursuant to Practice Book Sec. 194, and that the appeal from the probate court is untimely, i.e., beyond the thirty day period after notice of the probate court's decision as set forth in General Statutes Sec.45a-188(b), deprives this court of subject matter jurisdiction. In its opposition memorandum of law, the plaintiff argues that the failure to file its reasons of appeal within the ten day period after the return date does not deprive the court of subject matter jurisdiction and that the appeal from probate is timely as determined by General Statutes Sec.45a-187(a).
 [O]nce the question of lack of jurisdiction of a court is raised, `[it] must be disposed of no matter in what form it is presented'; Carten v. Carten, 153 Conn. 603, 610, 219 A.2d 711 (1966); Monroe v. Monroe, 177 Conn. 173, 177, 413 A.2d 819 (1979); Browning v. Steers, 162 Conn. 623, 625, 295 A.2d 544
(1972); and the court must `fully resolve CT Page 11806 it before proceeding further with the case.' Valley Cable Vision, Inc. v. Public Utilities Commission, 175 Conn. 30, 32, 392 A.2d 485
(1978); Gimbel v. Gimbel, 147 Conn. 561, 566, 163 A.2d 451 (1960). Subject matter jurisdiction, unlike jurisdiction of the person, cannot be created through consent or waiver. (Citation omitted.)
Castro v. Viera, 207 Conn. 420, 429-30, 541 A.2d 1216 (1988).
Practice Book Sec. 143 provides that "the motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter. . . ." Subject matter jurisdiction, it "is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Citation omitted.) Castro, supra, 427. "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power." (Citation omitted.) State v. Malkowski, 189 Conn. 101, 105-106,454 A.2d 275 (1983). General Statutes Sec. 51-164s provides that "the Superior Court is authorized to hear all cases except those over which the probate courts have original jurisdiction." (Citation omitted.) Lampasona v. Jacobs,209 Conn. 724, 728, 553 A.2d 175 (1989). General Statutes Sec.45a-186 provides in relevant part that
 [a]ny person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the superior court for the judicial district in which such court of probate is held.
"In an appeal from probate, the trial court exercises the right to make an independent and de novo determination of the issue involved, without regard to the result reached by the Probate Court." (Citation omitted.) Bristol v. Brundage,24 Conn. App. 402, 5899 A.2d 1 (19901). Therefore, as a preliminary matter, this court has subject matter jurisdiction to hear the present appeal from probate. See Lampasona, supra; General Statutes Sec. 45a-186. CT Page 11807
Practice Book Sec. 194 provides in relevant part that "[u]nless otherwise ordered, in all appeals from probate the appellant shall file reasons of appeal, which upon motion shall be made reasonably specific, within ten days after the return date."
In the present case, the defendant argues that the language of Practice Book Sec. 194 is mandatory and that plaintiff's failure to comply with its provisions denies this court of subject matter jurisdiction. While the reasons of appeal should be filed within ten days after the return date, failure to do so will not be reason for a motion to dismiss the appeal. Barlow v. Pocsay, 21 Conn. Sup. 352, 354,154 A.2d 754 (Super.Ct. 1959). In the present case, the plaintiff filed its reason for appeal on September 21, 1992, fifty-five days following the July 28, 1992 return date. However, this court finds that plaintiff's non-compliance with Practice Book Sec. 194 is insufficient grounds to justify a finding that this court lacks subject matter jurisdiction and upon this bases the defendant's motion to dismiss the present probate appeal is denied.
The defendant argues that General Statutes Sec.45a-188(d) determines the time frame for the filing of the present appeal from probate. General Statutes Sec. 45a-188(d) provides that
 [a]ny judge or clerk of the court of probate or any fiduciary may cause written notice of any order, denial or decree of the court of probate to be given to any person of the age of majority, or to the guardian or guardian ad litem of any minor who has not had legal notice of the hearing on the proceeding at which the order, denial or decree was passed and who may be aggrieved thereby. In any such case the person, minor, guardian or guardian ad litem may appeal only within one month after receiving notice.
General Statutes Sec. 45a-188 (do applies to the time for taking appeals by minors and nonresidents where notice of the probate court's decision has been made to the aggrieved party. CT Page 11808 In the present case, the plaintiff did not receive notice of the February 19, 1992, ex parte order from the probate court until April 8, 1992, which plaintiff's counsel inadvertently discovered during an inspection of the court file. The plaintiff argues that this constitutes improper notice under General Statutes Sec. 45a-188(d) and that the time frame for appeals from probate under General Statutes Sec. 45a-187(a) applies to the present case.[1] General Statutes 45a-187(a) provides that
 [a]n appeal under section 45a-186 by those of the age of majority and who are present or who have legal notice to be present, shall be taken within thirty days. If such persons have no notice to be present and are not present, then appeal shall be taken within twelve months. . ."
Pursuant to General Statutes Sec. 45a-128,[2] the plaintiff filed motions for reconsideration and, in the alternative, articulation of the probate court's decision. By letter dated May 20, 1992, Probate Judge Lentz advised plaintiff's counsel that General Statutes Sec. 45a-128 did not provide ample remedy to the issue and she agreed to accept a motion for appeal from probate pursuant to General Statutes Sec. 45a-186. This court finds that the letter dated May 20, 1992, informing plaintiff's counsel that the probate court would not proceed further with the plaintiff's motion for reconsideration, began the running of the time for appeal from probate. The probate court granted plaintiff's motion for appeal and service was made to the defendant on June 18, 1992, which is within thirty days from the notice to plaintiff's counsel that the probate court was not going to consider the plaintiff's motion for reconsideration. This court finds that plaintiff's appeal is timely under either the thirty day limitation of action under General Statutes Sec. 45a-188(d) or the twelve month limitation of action under General Statutes Sec. 45a-187(a). For the aforementioned reasons, this court finds that the plaintiff's appeal from probate is timely and denies defendant's motion to dismiss for lack of subject matter jurisdiction.
"A trial court has the obligation to inquire into the possibility of a conflict of interest "when it knows or CT Page 11809 reasonably should know" that a potential conflict exists." (Citation omitted.) State v. Williams, 203 Conn. 159, 168,523 A.2d 1284 (1987). "An attorney should be disqualified . . . if he has accepted employment adverse to the interests of a former client on a matter substantially related to the prior litigation." (Citation omitted.) State v. Jones, 180 Conn. 443,448, 429 A.2d 936 (1980). "The substantial relationship test has been honed in its practical application to grant disqualification only upon a showing that the relationship between the issues in the prior and present cases is "patently clear" or when the issues are "identical" or "essentially the same." (Citation omitted.) Id.
In applying the "substantial relationship test" to the present case, it is found that relationship between the issues presented before the probate court and on appeal to the superior court are "identical" or "essentially the same." See id.
In addition to proving that the attorney "accepted employment adverse to the interests of a former client on a matter substantially related to the prior litigation[,]" the moving party must first establish that the former client "had in the past enjoyed an attorney-client relationship with the attorney." Jones, supra, 449-50.
In the present case, where counsel represents the defendant in her dual capacity as executrix of the decedent's estate, it is found that the representation of the defendant as a beneficiary of the estate is (or may be) adverse to the interest of an executrix, who acts in a fiduciary role with regard to the decedent's estate. See Williams, supra, 168.
In the present case, the plaintiff has alleged sufficient facts to indicate that defendant's counsel has "enjoyed an attorney-client relationship" with the defendant in her fiduciary capacity as executrix of the decedent's estate.
"[T]he trial court has broad discretion in determining whether an attorney should be disqualified, due to an alleged breach in confidentiality or conflict of interest." (Citation omitted). State v. Bunkley, 202 Conn. 629, 653,522 A.2d 795 (1987). "Where . . . an attorney does not withdraw, a court exercising its supervisory power can . . . disqualify the CT Page 11810 attorney." (Citation omitted). Enquire Printing Publishing Co. v. O'Reilly, 193 Conn. 370, 376, 447 A.2d 648 (1984).
"In reviewing the court's action to disqualify defendant's counsel we must not only accord every reasonable presumption in favor of the trial court's decision, but we also should hesitate to reverse unless an abuse of discretion is manifest or injustice appears to have been done." (Citation omitted.) Goldenberg v. Corporate Air, Inc.,189 Conn. 504, 508, 457 A.2d 296 (1983). Thus, attorney disqualification is a discretionary matter for the court. See id.
The court in O'Reilly, however, recognizes that not all conflict of interests, involving the attorney-client relationship, should result in automatic disqualification of counsel. O'Reilly, supra, 376. "An attorney is not absolutely prohibited from testifying on behalf of a client, but should only do so when the testimony concerns a formal matter, or the need for the testimony arises from an exigency not reasonably forseeable." (Citation omitted). Id. 376.
However, the facts of the present case do not fall within the above-mentioned exception, i.e., the "attorney as witness." See id. "When an attorney represents two clients with adverse interests, it is the attorney's duty to withdraw from the representation or to disclose the conflict of interest. Code of Professional Responsibility DR 5-105; [see Rules of Professional Conduct Rule 1.7(b)(2)]; Acheson v. White, 195 Conn. 211, 214-15 n. 5, 487 A.2d 197 (1985)." Tomczuk v. American Mutual Ins. Co., 9 Conn. App. 194,517 A.2d 1053 (1986).
As a reasonable extrapolation, this court finds that this rule of law, which applies to two clients with adverse interests, should also apply to one client represented in a dual capacity with adverse interests. See id.
In a case involving a fiduciary, the court directed a trustee to consider resigning as trustee because of a potential conflict between his duties as trustee and his duties as an attorney in a law firm representing the trust. Jackson v. Conland, 178 Conn. 52, 62-63, 420 A.2d 898 (1979).
The sole argument, presented orally before the court, Walsh, J., at short calendar on September 21, 1992, in CT Page 11811 opposition to plaintiff's motion to disqualify, was based on application of Rule 1.7(b)(2) of the Connecticut Rules of
Professional Conduct which provides:
 (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person; or by the lawyer's own interests, unless:
 (2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.
Connecticut Rules of Professional Conduct Rule 1.7(b)(2) (1986).
Although this is a correct statement of the Connecticut Rules of Professional Conduct, Rule 1.7 does not prevent the exercise of the discretionary powers of the court to disqualify sua sponte subsequent to a finding of a conflict of interest. O'Reilly, supra, 376. The comments to Rule 1.7 (Conflicts charged by an opposing party) provide:
 Resolving questions of conflict of interest is primarily the responsibility of the lawyer undertaking the representation. In litigation, a court may raise the question when there is reason to infer that the lawyer has neglected the responsibility. . . . Where the conflict is such as clearly to call into question the fair or efficient administration of justice, opposing counsel may properly raise the question.
Connecticut Rules of Professional Conduct Rule 1.7 comments (1986). CT Page 11812
The comments also caution the court as to a moving party's use of the motion to disqualify as a delaying tactic and to harass opposing counsel. Id. This proposition is not supported by the facts of the present case.
In this case, an ex parte order and decree was entered by the probate court directing the payment of $133,905.90 to the defendant as cost administration. AS a result, it substantially depleted the estate of $165,500.00. The beneficiaries under the will are brother and sister, the son and daughter of the decedent. The defendant sister and daughter is also the executrix. There is a conflict.
This court finds that a conflict of interest arises from the representation of a party in its dual capacity, i.e., as executrix and beneficiary of the decedent's estate. This court orders the disqualification of defendant's counsel in at least one of its representational capacities. Further, based on aforementioned reasons, this court denies defendant's motion to dismiss for lack of subject matter jurisdiction.
It is so ordered.
JOHN WALSH, J.