[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#103)
The plaintiff, Kevin Blake, has filed a one count complaint against the defendant, Thomas Cotter. The complaint alleges that both parties were playing golf together. After teeing off, the defendant was driving a golf cart to retrieve the hit balls and the plaintiff was a passenger in the CT Page 16771 cart. The complaint alleges that the defendant drove the cart in a negligent manner, causing the plaintiff to fall from the cart and sustain injuries. The defendant has filed an answer denying the allegations of the complaint. The defendant has also raised two special defenses of contributory negligence and assumption of risk.
The defendant has moved to strike the complaint. The defendant claims that an allegation of mere negligence, as pleaded in the complaint, is not sufficient to sustain an action resulting from an injury sustained while playing golf. The plaintiff opposes the motion to strike. Both parties have filed memorandums of law in support of their positions.
Practice Book § 10-39 provides that "[w]henever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff . . . A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Citations omitted; internal quotation marks omitted.) Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992). "A motion to strike admits all facts well pleaded." Parsons v.United Technologies Corp., 243 Conn. 66, 68, 700 A.2d 655 (1997). "[A] trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.)Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149
(1990). If the facts of the complaint are not legally sufficient to state a cause of action, the complaint should be stricken. Gulak v. Gulak,30 Conn. App. 305, 620 A.2d 181 (1993).
The defendant claims that the allegations of the complaint, based only on negligence, are legally insufficient. The defendant feels that only if the plaintiff can allege and prove reckless or intentional conduct does the complaint state a claim upon which relief can be granted. Reliance is placed primarily on the holding in Jaworski v. Kiernan, 241 Conn. 399,696 A.2d 332 (1997).
In Jaworski v. Kiernan, supra, 241 Conn. 399, the court considered what standard of care was owed between opposing participants in a coed soccer game.[1] The court noted that, "soccer, while not as violent a sport as football, is nevertheless replete with occasions when the participants CT Page 16772 make contact with one another during the normal course of the game."
Id. 406-07. The court continued,
 The normal expectations of participants in contact team sports include the potential for injuries resulting from conduct that violates the rules of the sport. These expectations, in turn, inform the question of the extent of the duty owed by one participant to another. We conclude that the normal expectations of participants in contact team sports
counsel the adoption of a reckless or intentional conduct duty of care standard for those participants. (Emphasis added.) Id., 408.
In holding that mere negligence was insufficient to create liability, and that an allegation of reckless or intentional conduct was necessary, the court specifically limited the holding to "a participant in a team contact sport." Id., 412. Golf would not traditional be seen as a team sport and, under usual conditions, should also not be a contact sport.
In an earlier decision involving an injury sustained while playing golf, the court addressed the requisite standard of care. See Walsh v.Machlin, 128 Conn. 412, 23 A.2d 156 (1941). The plaintiff, who was playing golf with the defendant, sued the defendant claiming that he was negligent when he "shanked" his golf shot to the right, without warning, hitting the plaintiff in the eye with the defendant's ball. The court noted, "[i]t is undisputed that the duty to the plaintiff which rested upon the defendant while playing [golf] was the usual one of reasonable care under the circumstances." Id., 414. The court, therefore, applied the usual standard of care in negligence to a claim of injury sustained while playing golf.
In applying the higher reckless standard to team contact sports, the court, in Jaworski v. Kiernan, supra, 241 Conn. 399, specifically pointed out that its holding was not inconsistent with that in Walsh v. Machlin,
supra, 128 Conn. 412, stating,
 "Our conclusion herein does not conflict with Walsh because, initially, we decide the standard to be applied to only those injuries occurring during team athletic contests involving contact as part of the game. Golf, generally, is neither a team sport in the true sense nor a sport where contact with other participants is a part of the game. Further, the normal expectations of participants in a golf match CT Page 16773 are far different from those inherent in soccer, and therefore a different standard of care may be appropriate. We, therefore, leave the question of what standard of care might be applicable in other factual circumstances for another day." Jaworski v. Kiernan,
supra, 241 Conn. 412.
The court, in distinguishing the play of golf from that of team contact sports, left a definitive ruling on the requisite standard of care owed for "another day." This court, however, need not decide the standard of care owed when someone is struck by a ball from an errant golf shot, hit by a swung golf club or otherwise injured in the normal course of a participant playing a round of golf. The plaintiff alleges that he was injured when the defendant drove the golf cart at a high rate of speed downhill, causing the cart to skid. Early decisions involving injuries sustained from the use of golf carts provide guidance.
In Goodwin v. Woodbridge Country Club, Inc., 170 Conn. 191, 365 A.2d 1158
(1976), a golfer was injured when another golfer got out of his golf cart, which rolled into the plaintiff, pinning him against his own cart. The injured golfer sued the golfer, who allowed his cart to roll, for negligent operation of the golf cart. He also sued the country club for negligent maintenance of the golf cart. The plaintiff recovered against both defendants. Id., 192. In Ryan v. Mill Country Club, Inc.,8 Conn. App. 1, 510 A.2d 462 (1986), the plaintiff was driving a golf cart downhill over a cart path when the cart turned sharply to the left. A passenger in the cart was thrown out and the cart ultimately turned over, injuring the driver and her passenger. Id., 2. Both the driver and the passenger sued the country club for negligent maintenance of the cart path. In a consolidated matter, the passenger also sued the driver for negligent operation of the golf cart. Negligence was found against both defendants and the plaintiffs were awarded damages. Id., 2-3.
Construing the facts of the complaint in the manner most favorable to the plaintiff, the court finds that the complaint has stated a claim, for negligent operation of the golf cart, upon which relief can be granted. The defendant's motion to strike the complaint is denied.[2]
The Court
By Moran, J.