JAMES A. WALSH *v.* FREDERICK MACHLIN

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued November 7—decided December 5, 1941.

*Albert H. Barclay,* with whom was *Albert H. Barclay, Jr.,* and, on the brief, *John W. Barclay,* for the appellant (plaintiff).

*Martin E. Gormley,* for the appellee (defendant).

BROWN, J. On the morning of July 28, 1935, the plaintiff and defendant, experienced golfers familiar with the rules of the game, were partners playing in a foursome on the Race Brook Country Club course in Orange. After they had played in approaching the third green, the defendant's ball came to rest in the rough a foot or two from the right edge of the fairway and approximately one hundred feet from the green, and the plaintiff's ball at a point also in the rough but farther from the fairway, about thirty-five to forty feet from the defendant's ball and somewhat nearer to

the green. As the balls lay, a line drawn through them would intersect a line drawn from the defendant's ball to the green at approximately a ninety degree angle. The rough consisted of rather thick grass and weeds some eight to ten inches deep and was wet from a fairly heavy dew.

Standing by the defendant's ball, the plaintiff and defendant discussed the club the defendant should use and the defendant selected his mashie niblick. The plaintiff, seeing the defendant about to prepare to make his shot, said, "Now put it on the green," and walked away at almost right angles to the direct and intended line of flight from the ball to the green. Without calling "Fore," the defendant swung at his ball, shanked it so that it was deflected at almost a ninety degree angle to the right and hit the plaintiff in the eye as he turned to look back over his left shoulder just as he had reached his ball, causing him serious injury. Shanking means swinging under the ball or lower than intended so that the ball is hit with the shank or shaft instead of with the face of the club, and the result in this instance was a slice to the right as above stated. In making his stroke the defendant kept his eye on the ball, paid attention to the shot and attempted to make it correctly, and the shanking and consequent slicing of the ball was caused either by the wet and heavy condition of the grass and weeds or by a miscalculation as to the height of the ball on the defendant's part, and not by any negligence in his manner of striking it. A slice at a ninety degree angle is a very unusual shot which the defendant could not reasonably have anticipated under the circumstances.

At the time the defendant made his shot he knew that the plaintiff had walked away as above stated, and that his general position was about thirty-five or

forty feet distant on a line at right angles to the intended and anticipated line of flight of the defendant's ball. When the defendant hit his ball there was nobody between it and the green, that is, within the intended line of flight or within the area within which danger from the ball was reasonably to be anticipated, and the plaintiff knew that the shot was then being played or was about to be played. The plaintiff was then in a position where, under all ordinary circumstances, he should have been reasonably safe and not where the defendant should reasonably have anticipated that any injury from the shot would result to him. Under the circumstances the defendant was not under a duty to warn the plaintiff that he was going to strike the ball, for the plaintiff knew it and oral or audible warning would have been superfluous.

The facts material to the court's decision as above summarized are established by the finding modified by the minor corrections to which, only, the plaintiff is entitled. The court concluded that the defendant did not act unreasonably, recklessly, or negligently in attempting to play the ball from where it lay, and that the injury received by the plaintiff was the result of an accident involving no negligence, and rendered judgment for the defendant. It is undisputed that the duty to the plaintiff which rested upon the defendant while playing this game was the usual one of reasonable care under the circumstances. The major portion of the plaintiff's brief is devoted to claimed corrections in the finding. Our conclusion that he is entitled to none materially affecting the judgment is conclusive of the appeal, since it is clear that upon the above facts the court was warranted in concluding that the plaintiff's injury was not caused by the defendant's negligence.

The plaintiff relies upon the following cases in

which recovery was allowed the plaintiff for personal injury caused by the defendant's negligence in hitting a golf ball without warning: *Everett* v. *Goodwin,* 201 N. C. 734, 161 S. E. 316; *Simpson* v. *Fiero,* 237 App. Div. 62, 260 N. Y. S. 323; *Povanda* v. *Powers,* 152 Misc. 75, 272 N. Y. S. 619; *Toohey* v. *Webster,* 97 N. J. L. 545, 117 Atl. 838; *Biskup* v. *Hoffman,* 220 Mo. App. 542, 287 S. W. 865; *Alexander* v. *Wrenn,* 158 Va. 486, 164 S. E. 715. The determinative conclusion in each of these cases was that it was a question for the trier whether the defendant was negligent in failing to exercise reasonable care under the circumstances. All are clearly distinguishable upon the factual situation from the case before us. They establish that there is no absolute duty to give warning that a player intends to make a stroke unless there are persons in such a position that danger to them is to be reasonably anticipated. In the cases cited below, more nearly comparable upon the facts, it was held that the defendant was not negligent and the plaintiff was denied recovery: *Benjamin* v. *Nernberg,* 102 Pa. Super. Ct. 471, 157 Atl. 10; *Andrew* v. *Stevenson,* 13 Scots Law Times 581, 31 Scottish Law Rev. 194, 198. See also *Stober* v. *Embry,* 243 Ky. 117, 47 S. W. (2d) 921.

There is no error.

In this opinion the other judges concurred.