Caroline K. Simon, J.
On July 6, 1962 Norma Hornstein, a paying patron of the pitch and putt golf course located at Jones Beach State Park, a facility under the jurisdiction and control of the defendant, was struck on the left eye by a golf ball and sustained serious injuries, which resulted in the permanent impairment of that eye. Mrs. Hornstein was waiting with her husband to tee off from the 16th tee of the course, which tee runs in a south to north direction. An unidentified 12-year-old boy drove a ball off of the 18th hole’s tee, which tee is contiguous and parallel to the 16th hole, but is played from north to south. The youngster’s drive sliced to the right, striking Mrs. Hornstein and inflicting the injuries heretofore noted.
Mrs. Hornstein predicates her claim on the alleged negligence of the defendant in failing to construct and maintain the course in a safe manner, in failing properly to supervise the course, and in failing to enforce proper rules and regulations for players thereat. Her husband, Robert Hornstein, sues to recover damages for loss of services and consortium attributable to his wife’s injuries.
The evidence adduced by both sides establishes that the course was constructed in 1939 and the layout of the tees and greens, including the 16th and 18th tees and fairways, has not been altered since that time. It was further established that the distance between the 16th and 18th tees measured approximately 75 feet, and that the 16th tee would be visible to the right of a golfer driving off the 18th tee at an angle of approximately 20 degrees measured from the baseline of the 18th tee. The uncontroverted testimony of defendant’s qualified golf archi *487 tect shows that the minimum angle to conform to minimum safety requirements between adjoining golf holes in regard not only to regular courses but to the course in question is 15 degrees. The length of the 16th hole from tee to green was established to be 50 yards, and the length of the 18th hole exceeded that distance by 35 yards. It was conceded that no shrubbery, wire screening or other barriers separated the two holes and that the adjoining fairways were generally flat and covered with rough grass. The court finds that no signs existed to warn those waiting to tee off on the 16th tee not to commence play until the 18th tee was unoccupied.
Both claimants testified that they had never played this particular course before, and that their previous golf experience had been limited to play on regulation courses. Mr. Hornstein further testified that he was aware of the presence of a group of young boys on the 18th tee immediately prior to the accident. He had accompanied his wife to the course and played with her and approached the 16th tee with her. Defendant’s attempt to discredit this testimony relating to the circumstances surrounding the happening of the accident through the use of an examination before trial sworn to in November of 1964 was unavailing. Although the correctness of the original typewritten transcript was stipulated to by the parties, Mr. Hornstein inserted handwritten corrections in the transcript prior to signing the same, and the court finds that his testimony on trial was credible and consistent with the transcript as corrected by him.
The sole question presented with respect to claimants’ asserted cause of action is whether the proximity of the 16th and 18th holes of defendant’s golf course, and the fact that no barriers separated them, subjected Norma Hornstein to an unreasonable risk of harm over and above those risks recognized as inherent in the game of golf and which must be assumed by those who participate in this sport.
The law on this point as developed in the few decisions in this jurisdiction in which participants were victims of erratic golf balls struck by other players demonstrates a uniform policy disallowing recovery against both the operator of the course and the offending player. (Rocchio v. Frers, 248 App. Div. 786; Traiman v. City of New York, 208 Misc. 252.) The Trauman decision is strikingly similar to the one at bar, and the following-language contained therein (p. 256), quoted from Campion v. Chicago Landscape Co. (295 Ill. App. 225), is squarely in point and is dispositive of the issues raised by the record in the instant claim: “ ‘ The construction of the course is criticized because numerous fairways running parallel are played in opposite *488 directions and because the fairways are narrow and not properly safeguarded. Plaintiff’s own expert admitted, however, that he did not know of any golf course where at some place or other it would not be possible for someone to slice or hook his ball into another fairway, and it is a matter of common knowledge that on practically all golf courses, including those constructed on vast acreages, where the fairways are wide and well separated by rough and shrubs, there are parallel holes, played in opposite directions, where a sliced or hooked ball may and frequently does go into another fairway. This is one of the incidents of all courses, with which golfers generally are familiar. ’ ”
Claimants failed to prove by the required preponderance of evidence that the proximity of the holes in question constituted a trap or inherently dangerous condition, or that the defendant had created a hazardous condition which it was under a legal duty to remedy. Claimants’ proof in regard tó notice of the existence of a dangerous condition was unsatisfactory and controverted by defendant’s evidence that thousands of golfers had played the course in 19,62 and in preceding years without injury.
The rule of reasonable care commensurate with the known hazards inherent in the game defines the ambit of defendant’s duty to patrons of its golf courses. Mere proximity of parallel holes without-the protection of barriers between them does not constitute negligence per se, and to impose liability on this record would make the defendant an insurer of the safety of its patrons. (Trauman v. City of New York, supra.)
The case of Townsley v. State of New York (6 Misc 2d 557) relied upon by claimants, is readily distinguishable, since the injured party was a motorist who was proceeding past defendant’s golf course, as to whom the foregoing principles were held to have no application.
The claimants’ further argument that the State was negligent in permitting unskilled players on the course was not supported by the introduction of any evidence of rules and regulations of golf courses as to the ability required of players nor by expert testimony as to custom and practise in that respect.
There is no dispute that the injuries suffered by Mrs. Horn-stein are severe, painful and cosmetically disfiguring to a young, charming and lovely looking woman, and will permanently impair vision in her left eye to a marked degree. Her misfortune is truly regrettable and most unfortunate, but the law is clear that she has no legal remedy against the defendant. This claim must be dismissed.