236 So.2d 508 (1970)
Hermein MURPHY, Wife of/and John T. Murphy
v.
Michael PODGURSKI and His Insurer Allstate Insurance Company.
No. 4040.
Court of Appeal of Louisiana, Fourth Circuit.
June 1, 1970.
Rehearing Denied July 6, 1970.
William J. Everhardt, New Orleans, for plaintiffs-appellants.
Porteous, Toledano, Hainkel & Johnson, C. Gordon Johnson, Jr., New Orleans, for defendants-appellees.
Before CHASEZ, REDMANN and BARNETTE, JJ.
BARNETTE, Judge.
This is a suit for damages brought by plaintiffs Hermein Murphy, wife of/and John T. Murphy on account of personal injuries sustained by Mrs. Murphy when struck by a golf ball driven by defendant *509 Michael Podgurski at the Plantation Golf and Country Club in Jefferson Parish, Louisiana. From a judgment dismissing their suit, plaintiffs have appealed.
The basic facts of this case are not seriously disputed and are that the eighth and ninth holes at Plantation Golf and Country Club are constructed parallel to each other, with the ninth green on the left adjacent to and slightly in front of the eighth tee. The fairways are also parallel with an area of rough grass between them. Nothing else separates the two fairways except an occasional tree. Plaintiff had completed playing the ninth hole and had left the ninth green to retrieve her golf bag which was resting in the rough grass area separating the ninth green and the eighth tee. Defendant was preparing to drive his ball off the eighth tee and onto the fairway for the eighth hole. Mrs. Murphy testified that she observed Mr. Podgurski at this time and stopped for him to complete his drive. She was standing at an angle to defendant's left, approximately 30 to 40 yards from the eighth tee. From the testimony of defendant and the description given of the outlay of the course, plaintiff was more to defendant's back than to his side when he assumed his stance for driving the ball. Mr. Podgurski struck the ball intending to drive it straight down the eighth fairway but instead, and in the parlance of golfers, "pulled" the ball to the extreme left, striking Mrs. Murphy on her left leg. The blow caused a comminuted undisplaced fracture of the distal left tibia requiring an extended period of confinement and treatment. Defendant admitted that he saw Mrs. Murphy before striking the ball.
The issues in this case are whether defendant was guilty of negligence in failing to refrain from driving his ball after having seen Mrs. Murphy; whether defendant was negligent in not shouting a warning prior to driving his ball; and whether plaintiff Mrs. Murphy assumed the risks of the game which included the risk of being hit by the ball driven by the defendant.
The question of the duty owed by a golfer engaged in the game of golf has never been before the courts of this State; however, there are numerous cases from other jurisdictions on this precise point which are helpful guidelines to our decision in this case.
The general rule, as reflected by the decisions of our sister states, is that a golfer owes a duty to use reasonable care to avoid injuring other players on the course. A player intending to strike a ball is under a duty to give the traditional warning by yelling "fore" to persons in his line of play or those in such a position that possible injury to them is reasonably foreseeable. However, the player is under no duty to give advance warning to persons on contiguous holes or fairways, where the danger to them is not reasonably anticipated nor is he under a duty to give a specific warning to another player whom he knows already has him in view and is aware of his intended drive. The reasoning given by the courts applying this rule is that participants in the game of golf know that many bad shots carry the ball to the right or left of the intended line of play and that players on contiguous holes or those not within the direct line of play may be endangered by these shots; but this is a risk all golf players must accept. McWilliams v. Parham, 273 N.C. 592, 160 S. E.2d 692 (1968); Boozer v. Arizona Country Club, 102 Ariz. 544, 434 P.2d 630 (1967); Taylor v. Churchill Valley Country Club, 425 Pa. 266, 228 A.2d 768 (1967); Hornstein v. State of New York, 46 Misc. 2d 486, 259 N.Y.S.2d 902 (1965); Kelly v. Forester, 311 S.W.2d 547 (Ky.1958); Oakes v. Chapman, 158 Cal.App.2d 78, 322 P.2d 241 (1958); Turel v. Milberg, 10 Misc.2d 141, 169 N.Y.S.2d 955 (1957); Trauman v. City of New York, 208 Misc. 252, 143 N.Y.S.2d 467 (1955); Walsh v. Machlin, 128 Conn. 412, 23 A.2d 156 (1941); Page v. Unterreiner, 106 S.W.2d 528 (Mo.App.1937); Stober v. Embry, 47 S.W.2d 921 (Ky.1932); Benjamin v. Nernberg, 102 Pa.Super. 471, 157 A. 10 (1931).
*510 These are sound principles of law and adequately reflect the contingencies of the game of golf. As stated by the Pennsylvania court in Benjamin v. Nernberg, supra, at p. 11:
"* * * It is well known that not every shot played by a golfer goes to the point where he intends it to go. If such were the case, every player would be perfect and the whole pleasure of the sport would be lost. It is common knowledge, at least among players, that many bad shots must result although every stroke is delivered with the best possible intention and without any negligence whatever. * * *"
Applying these principles to the facts in this case we find that defendant did not act unreasonably in striking the ball, nor was he negligent in not yelling "fore" before he struck the ball. The entire eighth fairway was open to defendant. Plaintiff was not in his line of play, being to his left and in the rough separating the eighth and ninth fairways. Mrs. Murphy testified that she saw the defendant as he prepared to make his drive and stopped to watch him, which she said is customary among golfers. From this fact we must assume that the danger was no more apparent to her than to the defendant and in any event she assumed the risk which all golfers know attends every drive of a golf ball.
Under some conceivable circumstances a tort action for injury on the golf course might call for the application of LSA-C.C. art. 2316 which imposes responsibility for damage occasioned by a person's "want of skill" but for the reasons stated above this is not such a case.
As stated by the trial judge in his reasons for judgment, this was a "freak blow" which caused the ball to travel on an extreme angle to defendant's left. It was a most regrettable accident and we have no doubt that Mrs. Murphy sustained serious injury, but we must hold for the reasons above stated that there is no legal basis for recovery of damages.
Accordingly, for the foregoing reasons, the judgment appealed is affirmed at appellants' cost.
Affirmed.