744 A.2d 219 (2000)
Jeffrey SCHICK, Plaintiff-Appellant,
v.
John FEROLITO, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued January 11, 2000.
Decided January 26, 2000.
*220 Richard M. Chisholm, for plaintiff-appellant.
James M. DeMarzo, Morristown, for defendant-respondent (O'Donnell, McCord, Helfrich & DeMarzo, attorneys; Mr. DeMarzo, on the brief).
Before Judges PRESSLER, CIANCIA and ARNOLD.
The opinion of the court was delivered by ARNOLD, J.S.C. (temporarily assigned).
Plaintiff Jeffrey Schick was hit in the face by a golf ball. He appeals from an order of summary judgment entered September 16, 1998, in favor of defendant John Ferolito, who hit the ball. The motion judge granted the motion for summary judgment because he found that "the undisputed facts in this record does [sic] not support a finding of willful, wanton or intentional acts" pursuant to the reckless standard of care applied to sports in Crawn v. Campo, 136 N.J. 494, 643 A.2d 600 (1994). We disagree that the reckless standard of care for sports applies to the factual circumstances in this case involving an alleged unannounced second shot (a Mulligan) hit from the tee after plaintiff, two other members of the foursome and defendant had already teed off.
Because the motion judge granted defendant's motion for summary judgment, we must consider plaintiff's version of the facts. R. 4:46-2(c); Brill v. Guardian Life Ins. Co., 142 N.J. 520, 540, 666 A.2d 146 (1995). Briefly, those facts are as follows. On July 27, 1994, plaintiff and his father were playing golf at the East Orange Golf course. They joined up with defendant and his playing partner, Tom Gonella, at the tenth tee. At the sixteenth tee, plaintiff teed off first, followed by his father, then Gonella and finally, defendant. The three stood behind defendant when he teed off. Defendant sliced his drive into the woods on the right but it was not out of bounds. After defendant hit this drive, plaintiff and his father moved to their golf cart in front of the tee, perhaps ten to sixteen feet away from the tee area and at a forty-five degree angle to the left. Because defendant's ball was not out of bounds, plaintiff assumed that defendant would play his second shot from the woods. Instead, unbeknownst to plaintiff and his father, defendant unexpectedly hit a second shot from the tee (a Mulligan). The heel of the golf club hit the ball so that the ball hooked to the left and struck plaintiff in the face causing serious personal injury.[1] The motion judge concluded that the applicable standard of care was that set forth in Crawn, supra, 136 N.J. at 508, 643 A.2d 600, where the court held that the "duty of care in establishing liability arising from informal sports activities should be based on a standard that requires, under the circumstances, conduct that is reckless or intentional."[2] The motion *221 judge held that plaintiff's version of the facts did not meet that standard.
In Crawn, the plaintiff, while playing catcher in a softball game with a no-sliding rule, was injured when defendant "approached the plate ... lowered his body and barreled into plaintiff's left side." Plaintiff sued defendant for his personal injuries alleging that defendant was liable because his conduct had been either negligent, reckless or intentional.[3] The principal issue before the New Jersey Supreme Court centered on the applicable standard of care: negligence or the heightened recklessness standard. Justice Handler, writing for a unanimous court, initially noted that physical contact was "an inherent or integral part of the game in many sports." Id. at 504, 643 A.2d 600. Relying upon case law throughout the country analyzing the standard of care applicable to contact sports such as football, hockey, basketball and softball, the court held that the heightened standard of recklessness or intentional conduct was applicable to sports. Id. at 497, 508, 643 A.2d 600. There is no reference in the opinion to either golf or other non-contact sports.
Plaintiff argues that the reckless standard of Crawn, is meant only to apply to physical contact or rough and tumble sports and should not be applied to golf. Specifically, plaintiff relies on Zurla v. Hydel, 289 Ill.App.3d 215, 224 Ill.Dec. 166, 681 N.E.2d 148 (1997) where the Illinois court held that since golf is not a contact sport, "a golfer injured by a golf ball need only allege and prove traditional negligence in order to recover damages, rather than willful and wanton conduct." Id. 224 Ill.Dec. 166, 681 N.E.2d at 152. Connecticut also does not apply a reckless standard to golf. See Jaworski v. Kiernan, 241 Conn. 399, 696 A.2d 332, 339 (1997) (discussing the decision in Walsh v. Machlin, 128 Conn. 412, 23 A.2d 156 (1941)). However, California, Texas and Ohio have extended the reckless standard to injuries caused by "shanked" or errant shots. Dilger v. Moyles, 54 Cal.App. 4th 1452, 63 Cal.Rptr.2d 591 (1997); Hathaway v. Tascosa Country Club, Inc., 846 S.W.2d 614 (Tex.Ct.App.1993); Thompson v. McNeill, 53 Ohio St.3d 102, 559 N.E.2d 705 (1990). Texas has even applied the reckless standard to an unannounced Mulligan tee shot in circumstances similar to those found in this case. Allen v. Donath, 875 S.W.2d 438 (Tex.Ct.App.1994).
New Jersey has long held golfers to the ordinary negligence standard, that is, a golfer hitting a ball has a duty to use reasonable care before executing a swing, to first observe whether there is anybody else in the line of fire, and if so, to provide an adequate warning. Toohey v. Webster, 97 N.J.L. 545, 547, 117 A. 838 (E. & A. 1922); Carrigan v. Roussell, 177 N.J.Super. 272, 275-76, 426 A.2d 517 (App.Div. 1981). This has been the general rule elsewhere. See David M. Holliday, Annotation, Liability to One Struck By Golf Ball, 53 A.L.R.4th 282, 293 (1987) (noting "the generally accepted view that a golfer is only required to exercise ordinary care and give an adequate and timely warning of his intention to play to those persons reasonably within the range of danger of being struck by the ball").
As we read Crawn v. Campo, supra, the standard among sports participants has generally been raised from that of "negligence" to "recklessness or intent to do harm" but only as to anticipated risks which are "an inherent or integral part of the game." Id. at 504, 643 A.2d 600. This standard would apply to the risk of an errant golf ball straying from its intended course, the unintentional hitting of a "slice" or "hook", or the "shanking" of a golf ball. However, we conclude that hitting an unannounced and unexpected Mulligan from the tee after all members of the foursome have teed off creates such an unanticipated risk to the other members of the foursome, from which they cannot protect themselves, that it cannot be considered *222 an "inherent or integral part of the game." It should, therefore, be measured by an ordinary negligence standard.
Under plaintiff's version of the facts, defendant's conduct cannot be considered "wantonly reckless" so punitive damages are not awardable. Allendorf v. Kaiserman Enter., 266 N.J.Super. 662, 675, 630 A.2d 402 (App.Div.1993).
Reversed.
NOTES
[1] In his deposition, defendant insisted that he had warned plaintiff and his father that he was about to hit a second shot and suggested that they move their golf cart, which he regarded as being parked in a hazardous location.
[2] Plaintiff does not allege that defendant's conduct was intentional.
[3] Prior to trial, plaintiff voluntarily dismissed the count alleging intentional conduct.