[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ASCT Page 5023 TO COUNT TWO
On April 10, 2000, the plaintiff, Linda Benedetto, filed a three count revised complaint alleging that the injuries she sustained in a hockey game on December 27, 1997, were caused by the negligence and the carelessness of defendant Avon, Canton Farmington Youth Hockey Association (count one), defendant Brian Yurch (count two) and defendant Keith Hartman (count three). On November 1, 2000, defendant Yurch filed this motion for summary judgment as to count two on the ground that he cannot be found liable to the plaintiff for purportedly negligent conduct because he was participating in a recreational sporting event.
 -I-
In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Milesv. Foley, 253 Conn. 381, 386, 503 (2000). The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Appleton v. Board ofEducation, 254 Conn. 205, 209, (2000). The existence of the genuine issue of material fact is ordinarily demonstrated by counteraffidavits and concrete evidence. Pion v. Southern New England Telephone Co.,44 Conn. App. 657, 663 (1997).
 -II-
Plaintiff alleges that she was injured on December 27, 1997 during her participation in a hockey game promoted by a youth hockey league in which her child was a participant when Brian Yurch, a "mature teenager" collided with her. She claims that Yurch skated with unreasonable speed and failed to observe that the "game" was being conducted as a non-violent sport.
The plaintiff argues that summary judgment as to count two should be denied because: (1) the defendant has failed to comply with Practice Book § 17-44 et seq., (2) the plaintiff's complaint and subsequent affidavit demonstrate no intent on the plaintiff's part to engage in a competitive recreational sporting event and (3) that multiple genuine issues of fact must be found before it can be determined that the plaintiff was a participant in a recreational sporting event. CT Page 5024
The defendant argues pursuant to Jaxvorski v. Kiernan, 241 Conn. 399,696 A.2d 322 (1997), that since participants in recreational athletic competitions owe a duty only to refrain from reckless or intentional conduct toward other participants, he can not be found liable to the plaintiff for purportedly negligent conduct.
This action is clearly distinguishable from that case. In Jaworski v.Kiernan, supra, 241 Conn. 399, two voluntary participants in a local co-ed recreational soccer league collided, causing injury to the plaintiff's knee. The plaintiff sued the defendant alleging both negligence and recklessness. The Supreme Court held that "as a matter of policy, it is appropriate to adopt a standard of care imposing on the defendant, a participant in a team contact sport, a legal duty to refrain from reckless or intentional conduct. Proof of mere negligence is insufficient to create liability." Jaworski v. Kiernan, supra,241 Conn. 412. In so holding, the Supreme Court cited four factors to be considered in determining the extent of the legal duty to be imposed upon the defendant: "(1) the normal expectations of participants in the sport in which the plaintiff and the defendant were engaged; (2) the public policy of encouraging continued vigorous participation in recreational sporting activities while weighing the safety of the participants; (3) the avoidance of increased litigation; and (4) the decisions of other jurisdictions." Id., 407. The Supreme Court, in analyzing the first factor, i.e., the normal expectations of the participants, explained that:
 "[i]n athletic competitions, the object obviously is to win. . . . Simply put, when competitive sports are played, we expect that a participant's main objective is to be a winner, and we expect that the players will pursue that objective enthusiastically. We also anticipate that players in their enthusiasm will commit inadvertent rules violations from which injuries may result. The normal expectations of participants in contact team sports include the potential for injuries resulting from conduct that violates the rules of the sport. These expectations, in turn, inform the question of the extent of the duty owed by one participant to another. We conclude that the normal expectations of participants in contact team sports counsel the adoption of a reckless or intentional conduct duty of care standard for those participants."
In the present case, the plaintiff alleges in her revised complaint that the defendant Association promoted and conducted a hockey "game' CT Page 5025 between the parents of players between the ages of 7 and 9 and those players; that this "game' was to be a benign and fun activity requiring little skills or conditioning and presenting no danger to the parents and especially as to this plaintiff; and that the plaintiff went on to the ice to join in this activity in reliance on the promotion that the activity would be a safe, benign and commensurate with her skating skills and conditioning and requiring no hockey training. Furthermore, the plaintiff states in her affidavit dated November 9, 2000, that, "I would never have gone on the ice without a helmet and other protective equipment if I knew or had been warned that the participants would be allowed to conduct a game as if it were a real game of hockey and not the benign activity for fun that I thought and observed was going on."
In the present case, the main objective of the plaintiff in participating in the hockey game between the parents and their children was not to win a competitive, team contact sport, but rather to have fun with her child while participating in a noncompetitive, noncontact sport. It is concluded that the reasoning that led the Supreme Court to its conclusion in Jaworski v. Kiernan, supra, 241 Conn. 399, does not apply to the allegations set forth in count two of the plaintiff's revised complaint.
Because it was not necessary for the plaintiff to allege reckless or intentional conduct on the part of Yurch and there are questions of material fact at issue, the defendant's motion for summary judgment as to count two of the plaintiff's revised complaint is denied.
Wagner, TJR