[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, Michael D'Amico, commenced this action against the CT Page 15593 defendant, Mark Tomkalski, for personal injuries and other damages and losses the plaintiff claims to have sustained as a result of being struck in the face by a softball thrown by the defendant. The incident occurred during a recreational softball game at Woodbury Hollow in the town of Woodbury.
The facts are unrefuted that as the plaintiff was running toward second base from first base, the defendant, at or near second base, threw the ball in the direction of first base in an attempt to turn a double play by throwing out the batter who had just hit the ball. The ball struck the plaintiff in the face causing various personal injuries.
In his complaint, the plaintiff sued the defendant for both negligence and reckless in causing the plaintiffs injuries by hitting him in the face with the throw.
The defendant moved to strike the allegation of negligence and cited the case of Jaworski v. Kiernan, 241 Conn. 399 (1997) in which it was held that a player's injury in a soccer game was not compensable on a negligence theory. In that case the court held that a cause of action sounding in negligence cannot be sustained for injuries arising out of one's participation in a recreational athletic contest.
In Jaworski, court recited a litany of incidents which occur in a great variety of sports competitions — the most relevant incident to this case being ". . . every batter being struck by a pitch . . . would have the ingredients for a lawsuit if injury resulted." (emphasis added).
The court (Pelligrino, J.) adopted that ruling in his memorandum of decision granting the motion to strike the negligence claim from this suit [24 Conn. L. Rptr. 119].
The plaintiff filed a Second Amended Complaint in one count alleging that the defendant acted "in reckless disregard for the safety of the plaintiff" when he threw the ball which struck the plaintiff.
The defendant has now moved the court to enter a summary judgment against the plaintiff for the reason that the only allegation against the defendant is that he was reckless in his conduct when he threw the ball "with full force" in the direction of the plaintiff and that his recklessness caused the injuries complained of by the plaintiff.
Summary judgment maybe granted when the pleadings, affidavits and other proof submitted demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Practice Book Sec. 17-49; Connelly v. Housing Authority of the CityCT Page 15594of New Haven, 213 Conn. 354 (1990).
In support of his motion the defendant cites Dubay v. Irish,207 Conn. 518, 534 (1988), which held that although recklessness, like negligence, is ordinarily a mixed question of law and fact, it becomes strictly a question of law where the mind of a fair and reasonable person could reach but one conclusion. The plaintiff argues that in the instant case the plaintiff can present no facts or evidence to demonstrate that the defendant's conduct was willful, wanton and/or reckless as a matter of law and therefore, a fair and reasonable trier could not possibly that the plaintiffs conduct was reckless.
The Dubay case is further cited by the movant where it held that recklessness is equivalent to wanton and willful conduct requiring not only awareness of a risk, but an actual intent to engage in conduct which the actor expects will cause harm. See Dubay, supra, at 533.
In his objection to the motion for summary judgment, the plaintiff raises the same argument that he made in opposing the motion to strike. That is the claim that Jaworski is not applicable to the instant action because Jaworski involved a contact sport and softball is not a contact sport when it comes to throws by infielders at or to one another. The plaintiff concedes that the Supreme Court held in Jaworski that the risk of injury by a pitched ball is a "normal expectation of the participants", but not a thrown ball, as in this case.
This court adopts the logic and the findings of Judge Pelligrino is his memorandum of decision granting the motion to strike. In the sense that softball players are exposed to risk of injury by pitched or thrown balls, softball is a contact sport and the reasoning in Jaworski does apply in this case. Players are not liable for harms which they knew or should have known, based on "the normal expectations of participants in the sport." Jaworski, supra at 406-07. The possibility of being struck in the face by a ball thrown between bases is a normal expectation for a baserunner.
Interestingly, the defendant cites American Softball Association Rule 8 Sec. 2(F), 8(J), 8(P), 8(Q); Points of Emphasis 10(A)-(E), 21(A) (1) wherein it is provided, inter alia, a runner who has been forced out is required to slide or otherwise avoid contact with the ball or the fielder, who has the right-of-way in the baseline when fielding the ball and attempting a double play. Whether or not the softball game in this case was being played under ASA rules is not of critical consequence. The court finds those rules relevant not only as to the expected duty of the players involved, but also in regard to the "normal expectations of the participants." Such a situation is not only foreseeable, there are CT Page 15595 actually rules addressing the correct way to act in such a situation. The court can and does find under the facts presented that the plaintiff was reasonably expected to know that the second baseman was going to attempt to turn the double play by throwing to first — the base the runner was coming from — and the second baseman had reason to expect that the runner would slide or otherwise divert his course toward second base after he was forced out before reaching second base.
For the foregoing reasons, as to the issue of whether the defendant acted recklessly in throwing the ball which stuck the plaintiff in the face, the court finds that he was not and that there is no genuine issue of material fact regarding that issue and the defendant is entitled to judgment as a matter of law.
In view of the foregoing ruling, the court finds it unnecessary to consider the issue of whether or not the plaintiffs mere use of the word "recklessness" in his complaint is sufficient to raise an actionable claim of reckless and wanton misconduct, as the defendant has asserted as an additional basis for the court to enter summary judgment against the plaintiff.
By the Court,
Joseph W. Doherty, Judge