## WALTER MALLIN *v.* JOHN M. PAESANI

Superior Court, Judicial District of Fairfield

File No. CV-04-0411321S

Memorandum filed September 26, 2005

*Ganim, Ganim, Ganim & Ganim, P.C.,* for the plaintiff.

*Law Offices of Cynthia M. Garraty,* for the defendant.

*Maher & Murtha,* for the apportionment defendant Tashua Knolls Golf Course et al.

No appearance for the apportionment defendant Bridgeport Hospital Foundation et al.

SKOLNICK, J. Presently before this court is the motion by the defendant, John M. Paesani, to strike the first count of the complaint filed by the plaintiff, Walter Mallin.

On April 12, 2004, the plaintiff filed a one count complaint against the defendant.[1] The present action arises

---

[1] On July 2, 2004, the defendant filed an apportionment complaint, pursuant to General Statutes §§ 52-572h and 52-102b, against Tashua Knolls Golf Course, the town of Trumbull, the Bridgeport Hospital Foundation and Bridgeport Hospital. The apportionment plaintiff claimed that the apportionment defendants were in possession and control of the tournament and the way that the tournament operated and, thus, their negligence was a proximate cause of the plaintiff's injuries.

On August 20, 2004, the apportionment defendants, Tashua Knolls Golf Course and the town of Trumbull, filed an answer and special defenses to the apportionment complaint.

out of injuries and losses allegedly sustained by the plaintiff on or about October 2, 2002, while competing in a Professional Golfers Association (PGA) golf tournament on Tashua Knolls Golf Course in Trumbull. The plaintiff alleges that the defendant, a competitor in the same tournament, drove a golf ball that struck the plaintiff in the head, on his right temple.

The complaint alleges negligence on the part of the defendant. The plaintiff alleges first that the defendant was inattentive to his surroundings; second, that he failed to drive his golf ball at the appropriate time and distance from others using the golf course; third, that he failed to direct the golf ball to the left or to the right to avoid hitting and injuring the plaintiff; fourth, that he failed to yell "fore" to warn the plaintiff and others on the golf course of a descending ball on the fly about to strike them; and fifth, and finally, that he failed to ensure whether it was safe to strike the golf ball without risk of injury to others.

On June 4, 2004, the defendant filed a motion to strike the complaint, accompanied by a memorandum of law in support thereof. On July 19, 2004, the plaintiff filed a memorandum of law in opposition.

"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) *Fort Trumbull Conservancy, LLC* v. *Alves*, 262 Conn. 480, 498, 815 A.2d 1188 (2003). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) *Dodd* v. *Middlesex Mutual Assurance Co.*, 242 Conn. 375, 378, 698 A.2d 859 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint."

(Internal quotation marks omitted.) *Faulkner* v. *United Technologies Corp.*, 240 Conn. 576, 580, 693 A.2d 293 (1997).

The defendant moves to strike the complaint on the ground that the complaint is legally insufficient because mere negligence is insufficient to establish liability for injuries sustained during an athletic contest.

In support of the motion, the defendant argues that the "sports exception" doctrine applies to the present case. Under the sports exception doctrine, proof of mere negligence is insufficient to establish liability for injuries sustained during an athletic contest. Liability must instead be premised on an allegation of recklessness or intentional conduct on the part of the defendant. The defendant argues that because the plaintiff was injured while participating in a "PGA Tournament," proof of mere negligence is insufficient to create liability.

The plaintiff responds by arguing that the defendant misstates the law as it applies to the present case. The plaintiff argues that the sports exception doctrine rests on the expectations of participants involved in *contact team sports*. Such sports include potential for injury resulting from conduct that violates rules of sport. Participants in a *team* athletic contest, therefore, owe a duty to refrain only from reckless or intentional conduct toward other participants. The duty required in golf, however, is of reasonable care because golf is neither a team sport in the true sense, nor a sport in which contact with other participants is a part of the game. The normal expectations of participants in a golf match are far different from those inherent in soccer and therefore, a different standard of care may be appropriate. The plaintiff finally argues that the Supreme Court's recent refusal to extend the sports exception to the sport of skiing in *Jagger* v. *Mohawk Mountain Ski Area*,

*Inc.*, 269 Conn. 672, 849 A.2d 813 (2004), demonstrates the court's unwillingness to extend the exception beyond contact team sports.

In the present case, it is submitted that the plaintiff's complaint sufficiently states a cause of action in negligence because golf is not a contact team sport. Participant conduct in golf is thus not subject to the reckless or intentional standard of care under the sports exception doctrine.

Under *Walsh* v. *Machlin*, 128 Conn. 412, 414, 23 A.2d 156 (1941), "the duty to the plaintiff which [rests] upon the defendant while playing [golf is] the usual one of reasonable care under the circumstances." The reckless or intentional conduct standard of care under the sports exception doctrine is applied to determine liability for injuries sustained by participants of contact team sports, such as soccer,[2] football, basketball and hockey.[3]

In *Jaworski* v. *Kiernan*, 241 Conn. 399, 407, 696 A.2d 332 (1997), the court applied the heightened reckless or intentional conduct standard of care to conduct during an adult coed soccer game. The court considered four factors in determining the extent of the duty owed by the defendant: "(1) the normal expectations of participants in the sport in which the plaintiff and the defendant were engaged; (2) the public policy of encouraging continued vigorous participation in recreational sporting activities while weighing the safety of the participants; (3) the avoidance of increased litigation; and (4) the decisions of other jurisdictions." Id.

In considering the first factor, the court reasoned that: "[I]n games, particularly those played by teams and involving some degree of physical contact, it is reasonable to assume that the competitive spirit of the

---

[2] *Jaworski* v. *Kiernan*, 241 Conn. 399, 408, 696 A.2d 332 (1997).

[3] *Jagger* v. *Mohawk Mountain Ski Area, Inc.*, supra, 269 Conn. 702.

participants will result in some rules violations and injuries. . . . The normal expectations of participants in contact team sports include the potential for injuries resulting from conduct that violates the rules of the sport. These expectations, in turn, inform the question of the extent of the duty owed by one participant to another. . . . [T]he normal expectations of participants in contact team sports counsel the adoption of a reckless or intentional conduct duty of care standard for those participants." Id., 407–408.

The *Jaworski* court's holding does not overturn or conflict with the *Walsh* court's application of the reasonableness standard of care to golf. The *Jaworski* court stated that a reckless or intentional "standard [should] be applied to only those injuries occurring during team athletic contests involving contact as part of the game. Golf, generally, is neither a team sport in the true sense nor a sport where contact with other participants is a part of the game. Further, the normal expectations of participants in a golf match are far different from those inherent in soccer, and therefore a different standard of care may be appropriate." Id., 412.[4]

[4] See also *Lomansky* v. *Gersten*, Superior Court, judicial district of Hartford, Docket No. CV-02-0815482S (December 24, 2003) (36 Conn. L. Rptr. 259) (*Booth, J.*) (reasonableness conduct standard of care applied to determine liability for injury sustained during dance class); *D'Amico* v. *Tomkalski*, Superior Court, judicial district of Waterbury, Docket No. CV-98-0147377S (November 30, 2001) (31 Conn. L. Rptr. 72) (*Doherty, J.*) (softball is contact sport because possibility of being struck in face by ball thrown between bases is normal expectation for base runner); *Hotak* v. *Seno*, Superior Court, judicial district of Ansonia-Milford, Docket No. CV-00-0072461S (June 12, 2001) (*Arnold, J.*) ("[w]hile Connecticut has yet to extend the reckless and intentional conduct standard of care to golf, it has extended this heightened standard of care to contact sports, and baseball is a team contact sport"); *Benedetto* v. *Avon, Canton & Farmington Youth Hockey Assn.*, Superior Court, judicial district of Hartford, Docket No. 00-0594998S (April 5, 2001) (29 Conn. L. Rptr. 315) (*Hon. Jerry Wagner*, judge trial referee) (reasonable conduct standard of care applied to parent-child hockey game organized not as competitive, team contact game, but as opportunity for parents, children to have fun while playing noncompetitive, noncontact game); *Baer* v. *Regional School District No. 16*, Superior Court, judicial district of Water-

The Supreme Court recently refused to extend the reckless or intentional conduct standard of care under the sports exception doctrine beyond contact team sports. In *Jagger*, the plaintiff was injured after colliding with the defendant while skiing. The court distinguished the facts in *Jagger* from the facts in *Jaworski* and stated that reasonableness is the appropriate standard of care to apply to the sport of skiing because "[s]kiing . . . differs vastly in terms of the expectations of its participants from the more traditional contact sports of soccer, football, basketball and hockey." *Jagger* v. *Mohawk Mountain Ski Area, Inc.*, supra, 269 Conn. 702.

For the foregoing reasons, the defendant's motion to strike the plaintiff's complaint is denied.

bury, Docket No. CV-98-0148373S (July 19, 1999) (25 Conn. L. Rptr.) (*Pellegrino, J.*) (reckless or intentional conduct standard of care applied to floor hockey game in physical education class).